IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:12CR114–HEH
)
RODNEY EUGENE SMITH, )
)
Petitioner. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Rodney Eugene Smith, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 24). In his § 2255 Motion, Smith raises the following claim for relief:

Claim One: "The newly recognized right in *Johnson v.* [*United States*, 135 S. Ct. 2551 (2015)] renders the career offender penalty unconstitutional under the Due Process clause of the 5th Amendment. The prior conviction utilized to enhance my sentence under the career offender guidelines is no longer permissible or qualifies under the recent Supreme Court's decision." (*Id.* at 5.)

The Government responded, asserting that Smith's claim lacks merit. (ECF No. 29.) Smith filed a Reply. (ECF No. 31.) For the reasons set forth below, Smith's § 2255 Motion (ECF No. 24) will be denied.

### I. PROCEDURAL HISTORY

On July 16, 2012, a grand jury charged Smith with one count of bank robbery, in violation of 18 U.S.C. § 2113(a). (Indictment 1, ECF No. 1.) On September 12, 2012, Smith pled guilty to the one-count Indictment. (Plea Agreement ¶ 1, ECF No. 11.) Prior

to sentencing, a Probation Officer determined that Smith qualified as a career offender, stating:

> The defendant qualifies for the Career Offender enhancement pursuant to §4B1.1 of the [United States Sentencing Guidelines] as he was at least 18 years old at the time he committed the instant offense of conviction, the instant offense is a crime of violence, and he [has] a prior felony controlled substance conviction and a prior felony crime of violence conviction.

(Pre-Sentence Investigation Report ("PSR") ¶ 51, ECF No. 15.) Specifically, in 1998, Smith was convicted in this Court of possession with intent to distribute more than 50 grams of cocaine base (*id.* ¶ 36), and in 2008 he was convicted in this Court of one count of bank robbery and one count of aiding and abetting bank robbery (*id.* ¶ 39). On December 11, 2012, the Court entered judgment against Smith and sentenced him to 188 months of imprisonment. (J. 2, ECF No. 22.) Smith did not appeal.

## II.  ANALYSIS

As his sole claim for relief, Smith contends that the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), renders his career offender enhancement unconstitutional. (§ 2255 Mot. 5.) Specifically, Smith alleges that his 2008 convictions for bank robbery and aiding and abetting bank robbery no longer qualify as violent felonies for purposes of the enhancement. (Reply 2, ECF No. 31.)

### A.  *Johnson* and the Armed Career Criminal Act ("ACCA")

As the Supreme Court has noted,

> [u]nder the [ACCA] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include

2

any felony that "involves conduct that presents a serious potential risk of physical injury to another."

*Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." *Id.* The *Johnson* Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2563.

### B.     Sentencing Guidelines Regarding Career Offenders

Smith was not sentenced pursuant to the ACCA. Instead, Smith was sentenced as a career offender under the United States Sentencing Guidelines. (PSR ¶ 51.) Under the Sentencing Guidelines,

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

*United States Sentencing Guidelines Manual* § 4B1.1(a) (U.S. Sentencing Comm'n 2011) ("USSG"). At the time of Smith's sentencing, the Guidelines defined a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that - -
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

3

*Id.* § 4B1.2(a).[1]

## C. *Johnson* Does Not Apply to Smith's Sentence

Smith contends that under *Johnson*, his previous convictions for bank robbery and aiding and abetting bank robbery no longer qualify as predicate offenses for purposes of § 4B1.2(a). Recently, however, the Supreme Court determined that its decision in *Johnson* does not extend to the Sentencing Guidelines. *See Beckles v. United States*, 137 S. Ct. 886, 891–92 (2017). The *Beckles* Court stated:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id.* at 892. Accordingly, Smith cannot rely upon the *Johnson* decision to challenge the use of his prior convictions for bank robbery and aiding and abetting bank robbery as predicate offenses for purposes of the career offender enhancement.

---

[1] Effective August 1, 2016, the Sentencing Commission amended the definition of "crime of violence" to eliminate the phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another," otherwise known as § 4B1.2's residual clause. *See Hayes v. United States*, Nos. 4:13CR70, 4:16CV54, 2017 WL 976624, at *3 n.2 (E.D. Va. Mar. 13, 2017) (citing USSG Supp. to App. C, amend. 798 (Aug. 1, 2016)). To the extent that Smith seeks relief under Amendment 798, a request for relief pursuant to Amendments to the Sentencing Guidelines is not cognizable under § 2255. *See United States v. Jones*, 143 F. App'x 526, 527 (4th Cir. 2005) (holding that the district court erred in construing the petitioners' motions under 18 U.S.C. § 3582(c)(2) for reductions in sentence based on retroactive application of Amendment 591 as § 2255 motions); *United States v. Mines*, No. 3:09CR106–HEH, 2015 WL 1349648, at *1 (E.D. Va. Mar. 4, 2015) (citations omitted). In any event, Amendment 798 is not retroactively applicable. *United States v. Johnson*, 665 F. App'x 788, 793 (11th Cir. 2016); *Hayes*, 2017 WL 976624, at *3 n.2.

4

In his Reply, Smith further argues that his prior convictions for bank robbery and aiding and abetting bank robbery no longer qualify as predicates under § 4B1.2(a)(1), the "force" clause. (Reply 2, 6.) However, Smith cannot pursue this challenge on collateral review. As the United States Court of Appeals for the Fourth Circuit has noted, "[t]he language of § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review. The Supreme Court has instructed that only those errors presenting a 'fundamental defect which inherently results in a complete miscarriage of justice' are cognizable." *United States v. Foote*, 784 F.3d 931, 932 (4th Cir. 2015) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). A "career offender designation [is] not a fundamental defect that inherently results in a complete miscarriage of justice." *Id.* at 940. Instead, "it is clear that 'miscarriages of justice' in the post-conviction context are grounded in the notion of actual innocence . . . ." *Id.* at 941. To the extent that Smith argues that he is actually innocent of the career offender enhancement, "the Supreme Court [and the Fourth Circuit have] yet to stretch the concept [of sentencing enhancement innocence] to non-capital sentencing . . . ." *Id.*

Because the *Johnson* decision provides no relief to Smith, and because Smith cannot challenge his career offender enhancement on collateral review, Claim One will be dismissed.[2]

---

[2] In any event, Smith's claim that his prior convictions no longer qualify as predicate offenses lacks merit. The United States Court of Appeals for the Fourth Circuit has held that "a § 2113(a) bank robbery is a crime of violence under the force clause of Guidelines section 4B1.2 . . . ." *United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016) (citations omitted). Thus, Smith's prior convictions for bank robbery and aiding and abetting bank robbery properly qualified as predicate convictions for purposes of the career offender enhancement.

5

## III. OUTSTANDING MOTION

Smith has also filed a Motion to Supplement Under 28 U.S.C. § 2255 ("Motion to Supplement," ECF No. 34). In his Motion, Smith seeks to present further argument with respect to the *Johnson* issue he raises in Claim One. As determined above, however, Smith's argument lacks merit. Therefore, Smith's Motion to Supplement (ECF No. 34) will be denied.

## IV. CONCLUSION

For the foregoing reasons, Smith's § 2255 motion (ECF No. 24) will be denied. Smith's Motion to Supplement (ECF No. 34) will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: May 2, 2017
Richmond, Virginia